UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Weston Wilson and David Manderson, as Trustees of the South Central Minnesota Electrical Workers' Family Health Plan, and each of their successors,<br><br>Plaintiffs,<br><br>v.<br><br>O'Brien & Wolf, LLP, and Travis R. Schurhammer,<br><br>Defendants. | Case No. 0:17-cv-01885 (SRN/SER)<br><br>**MEMORANDUM OPINION AND ORDER** |

Amanda R. Cefalu and Bryan J. Morbeu, Kutak Rock, 60 South Sixth Street, Suite 3400, Minneapolis, Minnesota 55402, for Plaintiffs.

Daniel J. Heuel, O'Brien & Wolf, LLP, 45 Twenty-Eighth Street Southeast, Suite 300, Rochester, Minnesota 55904, for Defendants.

SUSAN RICHARD NELSON, United States District Judge

In an Order dated January 4, 2018, this Court dismissed Plaintiffs' claims against Travis R. Schurhammer ("Schurhammer") with prejudice, and dismissed Plaintiffs' claims against O'Brien & Wolf, LLP ("O'Brien & Wolf") without prejudice. (*See* Order [Doc. No. 37].) The factual and procedural background of this case, and the reasoning underlying the Court's decision, are fully detailed in the Court's January 4 Order. (*Id.*) Plaintiffs have filed a letter requesting leave to file a motion to reconsider. (Letter dated Jan. 8, 2018 [Doc.

No. 39] ("Pls.' Letter").)  Defendants oppose this request.  (Letter dated Jan.10, 2018 [Doc. No. 40].)

As the Eighth Circuit has noted, "[t]he Federal Rules of Civil Procedure do not mention motions for reconsideration." *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999).  By local rule, this Court has declared that "[e]xcept with the court's prior permission, a party must not file a motion to reconsider."  D. Minn. LR 7.1(j).  The rule further requires that a party seeking permission to file a motion to reconsider must first "file and serve a letter of no more than two pages requesting such permission."  *Id.*  Permission to file a motion to reconsider will only be granted where a party demonstrates "compelling circumstances" justifying reconsideration.  *Id.*

Plaintiffs assert that "the Court dismissed Plaintiffs' claims against Defendant Schurhammer because the Plan's terms did not specifically state a right of indemnification," and that this decision is contrary to the law.  (Pls.' Letter, at 1.)  Plaintiffs fundamentally misunderstand the Court's decision.  The Court did not find that the Plan has no right of indemnification against Schurhammer for attorney's fees that O'Brien & Wolf may win in its state court action.  Rather, the Court determined that, regardless of whether Schurhammer is obligated to indemnify the Plan, a decision by the Court on this question is not yet ripe and would be nothing more than an advisory opinion.  (Order, at 7.)  This is because the state court has not yet decided—and may not decide—that the Plan owes attorney's fees to O'Brien & Wolf.  The Court further held that, because O'Brien & Wolf has stipulated that it will abandon its attorney's fees claim should a court hold that

Schurhammer must indemnify the Plan against it, the indemnification question will never impact Schurhammer's obligations to the Plan.  (*See* Minute Order dated June 19, 2017 [Doc. No. 30].)

Plaintiffs mistakenly argue that O'Brien & Wolf's stipulation "is meaningless unless this Court finds that Schurhammer has an indemnification duty." (Pls.' Letter, at 2.)  Should the state court find that the Plan owes attorney's fees to O'Brien & Wolf, and should this Court in turn then determine that a right of indemnification exists under the language of the Plan, O'Brien & Wolf has clearly stated that it will not pursue collection of that fee from the Plan, rendering any claim against Schurhammer non-existent.  Consequently, the Court sees no compelling circumstances justifying a motion to reconsider its dismissal of Plaintiffs' claims against Schurhammer.

Plaintiffs also argue that their claim against O'Brien & Wolf is ripe, even though the state court has not yet found that O'Brien & Wolf is entitled to attorney's fees.  Plaintiffs claim that O'Brien & Wolf's attorney's fee action has inhibited the Plan's possession of the reimbursement, because it prevents the Plan from owning the reimbursement free and clear. (Pls.' Letter, at 2, citing *UnitedHealth Grp., Inc. v. MacElree Harvey, Ltd.*, No. 16-cv-1026, 2016 WL 4440358, at *10-11 (E.D. Pa. Aug. 23, 2016).)  This seems to be a distinction without a difference, for as the Court noted in its previous Order, the Plan has been fully reimbursed, and is not currently required to do, or refrain from doing, anything with that reimbursement.  (Order, at 10.)  If, and when, that changes, Plaintiffs' claims may be ripe for judicial review.  The Court is not persuaded by Plaintiffs' remaining arguments, and

finds that they have not shown compelling circumstances necessitating a motion to reconsider.

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' request for leave to file a Motion to Reconsider is **DENIED**.

Dated:  January 16, 2018                            s/Susan Richard Nelson
                                                    SUSAN RICHARD NELSON
                                                    United States District Judge